**Irvin RUMPLE, Appellant,**

v.

**The BLOOMINGTON HOSPITAL, The Southern Indiana Radiological Association, and The Credit Bureau of Monroe County, Appellees.**

**No. 1–680A144.**

Supreme Court of Indiana.

Dec. 9, 1981.

Edward F. McCrea, McCrea & McCrea, Bloomington, for appellant.

Len E. Bunger and Joseph D. O'Connor, III, Bunger, Harrell & Robertson, Bloomington, for appellees.

William S. Hall and H. Kim Tekolste, Hall, Render & Killian, Indianapolis, on brief of amicus curiae in Opposition to Petition to Transfer.

PIVARNIK, Judge, dissenting.

I believe transfer should be granted in this cause.

I think Judge Neal has taken the proper position in his dissenting opinion. I don't feel it can be said that the authorization given by Rumple consented to the agency of services such as he was billed for by the Pathology Department here. As Judge Neal states in his dissenting opinion, Rumple authorized the surgeon to provide such additional services as he deemed reasonable and necessary, including radiology. The doctor who treated Rumple here did not request the radiology nor did he use it in his treatment. The additional cost of $23.56 for reading an X-ray that shows a simple fracture does seem a bit much and when you multiply this by all of the X-rays that go through a hospital for a given period you can see quite a bit of money being expended. That is not the point, however. It was indicated that the purpose of this confirmation radiology was to protect everyone in malpractice suits and also to confirm the diagnosis of the doctor. Protecting everyone in malpractice is certainly not the duty nor responsibility of the patient. Confirmation of the radiological procedures is to be desired by the patient and when needed, by the attending physician. It would seem, however, that the patient should have a choice as to what services he will receive and what he will be charged for. The doctor here said he didn't need the confirmation in this case and never used it. Given the choice here, I can suppose Rumple might also have felt he didn't need any further confirmation. It could be, in many procedures any patient might encounter regarding complicated injuries or diseases, that pathological confirmation would be very much desired. I think Rumple's position in this cause is very well taken and he should not be required to pay for the services. The omnibus consent form did not obligate him to pay for a service such as this unless such consent form informs him of services such as this. I would grant transfer, concurring in Judge Neal's position.

GIVAN, C. J., concurs.